IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-352-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NICHOLAS JAMES RIZZUTO | ) | |

This matter comes before the court on defendant's motion to dismiss all charges with prejudice pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (DE 65). The issues raised have been briefed fully and in this posture are ripe for ruling.

## BACKGROUND

Indictment filed September 6, 2018, charges defendant with the following ten offenses:

1) Attempt to obstruct, delay, and affect, commerce by robbery by means of actual and threatened force, in violation of 18 U.S.C. § 1951 ("Hobbs Act Robbery"), on November 28, 2017, of a Metro PCS, 8140 Cliffdale Road, Fayetteville, North Carolina (count one).

2) Using and carrying a firearm in furtherance of the same, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two).

3) Hobbs Act Robbery, on December 1, 2017, of Textbook Brokers, 2904 Fort Bragg Road, Fayetteville, North Carolina (count three).

4) Using and carrying a firearm in furtherance of the same, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count four).

5)      Hobbs Act Robbery, on December 1, 2017, of Boost Mobile, 5701 Yadkin Road, Fayetteville, North Carolina (count five).

6)      Using and carrying a firearm in furtherance of the same, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count six).

7)      Hobbs Act Robbery, on December 2, 2017, of CVS, 3026 Bragg Boulevard, Fayetteville, North Carolina (count seven).

8)      Using and carrying a firearm in furtherance of the same, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count eight).

9)      Hobbs Act Robbery, on December 3, 2017, of Metro PCS, 2956 Owen Drive, Fayetteville, North Carolina (count nine).

10)     Using and carrying a firearm in furtherance of the same, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count ten).

In sum, the indictment charges five Hobbs Act Robbery offenses paired with five firearm offenses.

Defendant's initial appearance was held September 12, 2018, at which defendant waived detention hearing. Scheduling order entered the same date set an October 17, 2018, deadline for pretrial motions, and arraignment for the November 13, 2018, term of court. The court also ordered that "[w]here trial is anticipated and the parties do not contemplate need for delay between arraignment and trial, as permitted by the Speedy Trial Act, 18 U.S.C. § 3161(h), counsel for each party shall file with the clerk and transmit electronically to Judge Flanagan on or before seven days prior to date of arraignment (1) a list of voir dire questions as required by Local Criminal Rule 24.2; and (2) requests for jury instructions." (DE 10 at 1-2). The court further held:

> Failure of the parties to file voir dire and jury instructions by this deadline shall be construed as consent to any resulting delay, and such delay shall be excluded for purposes of Speedy Trial computation. In these instances, trial date certain and deadlines for submission of voir dire and jury instructions will be set by Judge Flanagan at administrative conference with counsel to be scheduled by the court.

(Id. at 2 n. 1).

On October 16, 2018, defendant moved for a continuance of the pretrial motions deadline and arraignment, on the basis that defense counsel needed "additional time to meet with [defendant], to review the discovery material, determine what, if any, pretrial motions are appropriate, and the best way to proceed with the case." (DE 14 ¶ 6). The court granted the motion, extending pretrial motions deadline to November 19, 2018, and arraignment to the December 11, 2018, term of court, finding that the ends of justice outweighed the interests of defendant and the public in a speedy trial and excluding the period of delay from speedy trial computation.

Defendant subsequently moved four more times to extend pretrial motions deadlines and for continuation of arraignment and trial. On November 16, 2018, defendant moved for continuance on the ground that defense counsel needed "additional time to meet with [defendant], to review the discovery material, determine what, if any, pretrial motions are appropriate, and the best way to proceed with the case." (DE 16 ¶ 4). On December 19, 2018, defendant moved for continuance again on the ground that defense counsel needed "additional time to meet with [defendant], to review the discovery material, determine what, if any, pretrial motions are appropriate, and the best way to proceed with the case," describing "extensive" discovery material produced by the government. (DE 19 ¶¶ 4, 5).

On February 6, 2019, defendant moved for continuance, noting, among other grounds, that defendant "has requested that defense counsel investigate certain aspects of his case including, but not limited to, locating and interviewing certain witnesses." (DE 21 ¶ 4). In addition, defendant noted:

> Because of the serious charges pending against [defendant], he faces very significant exposure at sentencing if convicted of the alleged offenses. Defense counsel cannot effectively advise [defendant] as to an appropriate resolution of his case until the defense investigation is complete.

(Id. ¶ 5). Finally, on March 26, 2019, defendant moved for continuance to provide additional time for the parties "to reevaluate their positions and continue plea negotiations." (DE 23 ¶4). Defendant again noted that he "faces very significant exposure at sentencing if convicted of the alleged offenses," and he noted that "[t]he parties must ensure that all possible efforts to resolve the case have been exhausted before proceeding to trial." (Id. ¶ 5).

In each instance, the court granted defendant's continuance motion, finding that the ends of justice outweighed the interests of defendant and the public in a speedy trial and excluding the period of delay from speedy trial computation. In its March 26, 2019, continuance order, the court scheduled arraignment for the May 14, 2019, term of court.

At arraignment, on May 14, 2019, defendant pleaded not guilty to all charges. Neither defendant nor the government filed any voir dire questions and requests for jury instructions, seven days prior to arraignment, as provided in the court's September 12, 2018, scheduling order. The May 14, 2019, minute entry for the arraignment hearing specifies: "[a] telephonic administrative conference before District Judge Louise W. Flanagan to be set to discuss trial scheduling."

On May 19, 2019, the court set telephonic scheduling conference on May 22, 2019. At conference, upon concurrence of the parties, the court scheduled trial to commence October 15, 2019, with the following noted on the docket, reporting oral waiver of speedy trial rights by defendant:

> Minute Entry for proceedings held before District Judge Louise Wood Flanagan in New Bern, NC Chambers: Telephonic Scheduling Conference as to Nicholas James Rizzuto held on 5/22/2019 - Assistant U.S. Attorney Chad Rhoades present for USA - Christopher J. Locascio present for defendant - Scheduling matters discussed - Estimated length of trial is five days - <u>Defendant waives speedy trial</u> - Jury Selection and commencement of Jury Trial set for 10/15/2019 - Proposed jury

4

instructions and voir dire due by 10/4/2019 - Any motions in limine due by 9/16/2019, with responses due by 9/25/2019. (Tripp, S.) (Entered: 05/22/2019)

<u>Oral Waiver of Speedy Trial by Nicholas James Rizzuto</u>. (Tripp, S.) (Entered: 05/22/2019)

(May 22, 2019, Docket Entries) (emphasis added).

For 85 days thereafter, there was no activity on the docket for this case. On August 16, 2019, defendant filed a motion to reopen time for pretrial motions and a motion to sever counts. The court set hearing on the motion to sever and Rule 17.1 pretrial conference for September 4, 2019, which the court continued to September 30, 2019, upon government's motion.

On September 9, 2019, defendant moved to continue trial for "a minimum of 30 days" and to continue the motions hearing, noting, among other grounds, that "[t]he parties have been actively engaged in negotiation towards resolving this case without necessity of a trial," and that defendant "will require time to consider [a] plea offer in light of the significant sentencing exposure he faces in this case." (DE 36 ¶¶ 4, 5, 9). The court granted the motion, finding that the ends of justice outweighed the interests of defendant and the public in a speedy trial and excluding the period of delay from speedy trial computation. The court set trial to commence March 9, 2020, and the court reset motion hearing for January 21, 2020.

On December 13, 2019, defendant filed four motions in limine (DE 40, 41, 42, and 43). Although the government moved on December 20, 2019, to continue the motions hearing due to a scheduling conflict, the court denied that motion December 28, 2019, adhering to its scheduled hearing date. This matter came before the court on hearing January 21, 2020, at which the court denied defendant's motion to sever, and granted in part, denied in part, and took under advisement in part motions in limine. The court also allowed an oral motion for discovery by defendant.

The government moved to continue trial on February 3, 2020, on the basis of an "unresolvable trial witness availability issue involving Detective Makenzie Harter of the

5

Fayetteville Police Department," representing that the government "was informed that, due to the upcoming birth of his child, Harter will be on pre-approved FMLA leave and is unavailable from mid-February through March 2020." (DE 54 at 1). The government requested a continuance of the trial to a date "no earlier than April 2020," noting that defendant takes "no position" on the motion, except to request "if such continuance is granted, then the parties and the Court confer regarding all newly applicable dates." (Id. at 2).

Relying upon the representations in the motion, on February 5, 2020, the court granted the motion for continuance and reset the trial to commence July 6, 2020, the current trial date. In granting the continuance, the court found that the ends of justice outweighed the interests of defendant and the public in a speedy trial and excluded the period of delay from speedy trial computation.

On February 12, 2020, the government filed a notice of correction, stating that counsel for the government learned on that date:

> that the Fayetteville Police Department's policies in fact allow for personnel to perform work functions (such as testifying at the instant trial) while on FMLA leave. Nonetheless, Harter's availability presently remains unknown. The undersigned also learned that such leave was not pre-approved, but rather was in the approval process and pending final approval. . . . The undersigned has relayed this information to defense counsel, who expressed his understanding and his desire to keep the current trial date of July 6, 2020.

(DE 56 at 1-2). The court entered the following text order on the same date:

> TEXT ORDER as to Nicholas James Rizzuto regarding 56 Notice of Correction filed by USA - The court receives the information communicated in Notice of Correction with disappointment in the government as another example of its case inattention. See, e.g., DE 44 , 12/28/2019 Text Order. The court made a decision to continue the case taking as true and correct representation in its motion to continue, DE 54 , now revealed as incorrect. The result was to disrupt its orderly trial planning and delay the speedy conclusion of this case. Trial was set 9/9/2019 to commence 3/9/2020. The matter of FMLA leave due to expected delivery of a child is not an issue that suddenly arises. In the course of regular trial planning, any witness attendance issue arising for this reason, especially given the importance of the witness to its case, should have been known to the government well before

> 2/3/2020, when that motion to continue was made. And employer police department policy concerning work while on FMLA leave is not a matter ordinarily susceptible to varied interpretation, suggesting there is no excuse for not correctly understanding that policy before any motion was made. Because at this point defendant requests the court adhere to the continued trial date, it will. A copy of this text order shall be served directly upon the U.S. Attorney for this district also for his information. Signed by District Judge Louise Wood Flanagan on 2/12/2020.(Copy emailed to U.S. Attorney Robert J. Higdon, Jr.) (Tripp, S.) (Entered: 02/12/2020)

(February 12, 2020 Docket Entry).

The government entered a notice of substitution of counsel, as well as notice of appearance of new counsel, on February 27, 2020.

Defendant filed a pro se motion to dismiss on March 30, 2020, alleging Speedy Trial Act violations. The court entered the following text order in response:

> TEXT ORDER as to Nicholas James Rizzuto regarding 59 PRO SE MOTION to Dismiss filed by Nicholas James Rizzuto – Defendant's counsel shall clarify with defendant the purpose and intent of his motion to dismiss, filed pro se on 3/30/2020, and if counsel/defendant wishes to proceed on motion, file new, supported motion within 14 days hereof. If no such filing is made within the prescribed period, the clerk will terminate defendant's motion as moot. Defendant shall act only through his appointed counsel going forward and desist from writing to the court directly. Signed by District Judge Louise Wood Flanagan on 3/30/2020. (Tripp, S.) (Entered: 03/30/2020)

(March 30, 2020, Docket Entry).

Counsel for defendant moved to withdraw on April 6, 2020, and the court granted the motion that same date. On April 8, 2020, defendant filed pro se motions for a speedy trial and for a detention hearing and his release. That same date, new appointed counsel for defendant appeared in this matter. The court entered a text order denying defendant's pro se motions and directing defendant to act only through appointed counsel. Defendant filed the instant motion to dismiss April 16, 2020, and 12 days later, on April 28, 2020, the government responded.

7

# COURT'S DISCUSSION

A.  Speedy Trial Violation

"In any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "[I]f a defendant has appeared before a judicial officer in connection with a charge before the indictment is filed, the filing of the indictment starts the 70-day period. If prosecution originates with an indictment, the period runs from the defendant's first appearance after indictment." United States v. Carey, 746 F.2d 228, 229 n.1 (4th Cir. 1984).

The Speedy Trial Act provides several different exclusions from the 70-day time period, two of which the court recently had occasion to address under similar circumstances with respect to a Speedy Trial Act challenge in United States v. Fields, No. 5:16-CR-266-FL-1, 2020 WL 1641285, at *6 (E.D.N.C. Apr. 2, 2020).

First, the court excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). This exception excludes from speedy trial calculations "the period between [a pretrial motion's] filing and its resolution." United States v. Riley, 991 F.2d 120, 124 (4th Cir. 1993).

Second, the court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action

outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

In granting an exception under the "ends of justice" provision, the court must make findings based on several factors, including "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). The court also may consider whether proceeding "would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."[1] 18 U.S.C. § 3161(h)(7)(B)(iv). "The court is only required to state its findings on the record by the time it rules on the defendant's motion to dismiss; however, it must be 'clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance.'" United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008) (quoting United States v. Keith, 42 F.3d 234, 237 (4th Cir. 1994)); see United States v. Mir, 525 F.3d 351, 358 (4th Cir. 2008). "The best practice, of course, is for a district court to put its findings on the record at or near the time when it grants the continuance." Zedner v. United States, 547 U.S. 489, 507 n. 7 (2006).

In Henry, the district court denied defendant's motion to dismiss for speedy trial violation, reasoning "that the 103–day continuance ordered on March 24, 2006, could be excluded from the speedy trial calculation as an ends-of-justice continuance based on counsel's need for additional

---

[1] For example, delay reasonably necessary to allow defendant the opportunity to prepare and file pretrial motions is excludable from speedy trial computation, provided that the court make specific findings required under (h)(7). See Bloate v. United States, 559 U.S. 196, 214 (2010); United States v. Jarrell, 147 F.3d 315, 318 (4th Cir. 1998).

time to prepare for trial." 538 F.3d at 304. The Fourth Circuit reversed the lower court's ruling, noting that, at scheduling conference, "the district court focused on the speedy trial waivers and the schedules of counsel and the court." Id. at 305–06.

"[A] defendant may not prospectively waive the application of the [Speedy Trial] Act." Zedner, 547 U.S. at 500. Evaluating the text, purpose, and legislative history of § 3161, the Supreme Court has held that, because the public and the defendant jointly share an interest in a speedy trial, defendant may not unilaterally waive that right. See id. at 500–02. "Conspicuously, § 3161(h) has no provision excluding periods of delay during which a defendant waives the application of the Act, and it is apparent from the terms of the Act that this omission was a considered one." Id. at 500. Indeed, only "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." United States v. Mosteller, 741 F.3d 503, 506 (4th Cir. 2014) (emphasis in original) (quoting 18 U.S.C. § 3162(a)(2)).

As reflected in the positions of both defendant and the government, there are three periods of time which must be included in the court's speedy trial computation based upon the record in this case. First, the court must include the period between defendant's initial appearance on September 12, 2018, and his first motion to continue arraignment and extend pretrial motion deadlines, on October 16, 2018, totaling **34 days**.[2] Second, the court must include the period from defendant's arraignment on May 14, 2019, through the date of the telephonic trial scheduling conference on May 22, 2019, totaling **8 days**. Third, the court must include in speedy trial

---

[2] While not determinative of issues raised in the instant motion, the court's October 16, 2018, continuance order also could be interpreted reasonably to exclude from the Speedy Trial Act calculation only that time after the originally scheduled arraignment date of November 12, 2018, rather than all of the time after the continuance order. If that calculation is adopted in the alternative, this first included period of time would span 60 days instead of 34 days.

computation the period from May 23, 2019, to August 16, 2019, when defendant moved to sever and to open pretrial motions deadline, totaling **85 days.**

The third and determinative portion of time included in the court's speedy trial computation is that delay made in reliance upon defendant's waiver of speedy trial. As noted in Zedner, defendant may not prospectively waive his speedy trial rights. Also, as in Henry, the court cannot make a post-hoc finding that the ends of justice were served by the delay in scheduling defendant's trial then for October 15, 2019, where it is not "clear from the record" in the form of the court's minute entry entered May 22, 2020, "that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." Henry, 538 F.3d at 304 (quotations omitted).

The court did not in this instance "put its findings on the record at or near the time when it grant[ed] the continuance." Zedner, 547 U.S. at 507 n.7. Rather, the court noted only, with respect to speedy trial computation, that "Defendant waives speedy trial," and that "Scheduling matters discussed." (May 22, 2019, Minute Entry). Under the unique circumstances of this case, it is not "clear from the record" that the court engaged during the scheduling conference in a balancing of the factors under 18 U.S.C. § 3161(h)(7)(A), 18 U.S.C. § 3161(h)(7)(B)(i), and 18 U.S.C. § 3161(h)(7)(B)(iv). Henry, 538 F.3d at 304 (quotations omitted). Accordingly, the entire time between the scheduling conference on May 22, 2019, and the trial date then set for October 15, 2019, is not properly excludable from the speedy trial computation on the basis of defendant's waiver noted on the docket. Rather, excepting those periods of time where the court considered motions filed by defendant, the period of delay between telephonic scheduling conference and defendant's initial trial date will be included in the court's speedy trial calculations.

In sum, based on the instant computations, approximately 127 included days have elapsed between defendant's initial appearance and his trial. As this exceeds the statutorily mandated number of 70 included days, see 18 U.S.C. § 3161(c), a violation of the Speedy Trial Act has occurred.

B.   Dismissal

"If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Id. As the language of the Speedy Trial Act indicates, the court must make factual findings or consider evidence in the record as pertinent to the relevant statutory factors. United States v. Taylor, 487 U.S. 326, 343–44 (1988). In evaluating the facts and circumstances of the case, "a district court should consider, among other factors, the party responsible for the delay," a defendant's own contribution to the delay, and prejudice to defendant and the government. Bloate v. United States, 559 U.S. 196, 214-15 (2010).

The court finds that the offenses for which defendant is indicted, involving five alleged Hobbs Act Robberies of commercial establishments, each by brandishing a firearm, (see Indictment (DE 1) at 1-7), are serious offenses. Indeed, defendant acknowledged that the offenses are "serious", and he recognized that the offenses subjected him to "very significant exposure at sentencing if convicted of the alleged offenses" in moving for continuance on February 6, 2019. (See DE 21 ¶ 5).   This factor weighs in favor of dismissal without prejudice.

12

As to the facts and circumstances of this case which lead to dismissal, the court finds that the government is not at fault for a speedy trial violation in the instant case. Defense counsel orally waived defendant's speedy trial rights at administrative conference on May 22, 2019, and the court relied upon that waiver without memorializing on the record a balancing of the statutory factors under 18 U.S.C. § 3161(h)(7)(A), 18 U.S.C. § 3161(h)(7)(B)(i), and 18 U.S.C. § 3161(h)(7)(B)(iv). Such waiver was insufficient to exclude the time from speedy trial computation, based upon Zedner. However, speedy trial time was otherwise meticulously documented and observed by the court, including in findings made with each request for continuance made by the parties. The fact that the speedy trial violation in this case was triggered by the oral waiver made by defendant's counsel, upon which the court relied, is a significant factor weighing in favor of dismissal without prejudice.

Additional facts and circumstances also favor a dismissal without prejudice. Although this case will have been pending for almost two years by the time of the currently scheduled trial date, a significant amount of that passage of time was due to motions for continuance by defendant to enable counsel and defendant to evaluate the case, including for the purpose of plea negotiations and to "ensure that all possible efforts to resolve the case have been exhausted before proceeding to trial." (DE 23 ¶¶ 4, 5; see also DE 14, 16, 19, 21). In addition, while the court directed the parties to file requests for jury instructions seven days prior to arraignment where the parties "do not contemplate need for delay between arraignment and trial," (DE 10 at 1), defendant did not do so in this case, thus suggesting that defendant was not prepared to proceed to trial at the time of telephonic conference on May 22, 2019. (See id. at 2 n. 1). Furthermore, defendant moved to reopen pretrial motions deadline, and filed motion to sever, in August 2019, followed by a motion to continue trial in September 2019, on the basis that the parties were "actively engaged in

13

negotiation towards resolving this case without necessity of a trial." (DE 36 ¶¶ 4, 5). The court then set a briefing schedule and date for hearing on the motion to sever, as well as anticipated motions in limine by defendant, which hearing date the court strictly adhered to, including by denying a motion by the government for further continuance of the same.

Defendant nonetheless argues that "none of the delay in this case has been caused directly by defendant" such as through "pro se conduct of firing multiple attorneys or filing frivolous independent pro se motions," as he suggests was the case in Fields. (Def's Mot. (DE 65) at 7; see also Fields, 2020 WL 1641285, at *8 (noting that "holding the government responsible for delays arising from defendant's attorney-client relationships is contrary to the purposes of the Speedy Trial Act"). The court recognizes that this case does not include pro se conduct like that found in Fields, but at the same time the delays in Fields were longer, with fewer serious charges. Moreover, the fact remains that the reason for the speedy trial violation in this case is that defendant offered a waiver of speedy trial rights, and the court relied upon that offer of a waiver in setting a trial date.

Defendant also suggests that a dismissal without prejudice is not justified where the government prematurely moved to continue trial in February 2020, which pushed the case out an additional four months and triggered defendant's pro se speedy trial motions. However, the court – on the record – earlier admonished the government for its errors. In addition, there is no indication in the record that the government intentionally sought to disrupt the defendant's right to a speedy trial or took its action in bad faith. Moreover, defendant, through counsel, did not take a position on the motion to continue, and then expressed desire to maintain trial date for July 6, 2020, rather than insisting on a return to a March trial date, when the government filed its notice

of correction. In adhering to its new trial date, the court noted "[b]ecause at this point defendant requests the court adhere to the continued trial date, it will." (February 12, 2020 Docket Entry).

Finally, the court finds that the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice weigh in favor of dismissal without prejudice. In light of multiple continuances at defendant's behest, as well as this court's reliance upon defendant's oral waiver of speedy trial, the interests of justice favor allowing the government to proceed with prosecution of the defendant. In addition, it weights in favor of administration of justice that, if this case is dismissed without prejudice, the government is prepared to go to trial on July 6, 2020. Furthermore, while defendant notes prejudice due to staleness of evidence, given elapsed time from offenses to trial, this prejudice applies equally to defendant and the government. In sum, to hold the government responsible for the delay in this case, under the totality of the circumstances presented here, would be contrary to the purposes of the Speedy Trial Act and would frustrate the administration of justice.

Weighing all pertinent factors under § 3162(a)(2), the court finds that dismissal without prejudice is appropriate in the instant case. As such, reprosecution will be allowed.[3] See United States v. Thomas, 705 F.2d 709, 710–11 (4th Cir. 1983).

## CONCLUSION

On defendant's motion to dismiss all charges with prejudice under the Speedy Trial Act (DE 65), pursuant to 18 U.S.C. § 3162(a)(2), the indictment against defendant (DE 1) is DISMISSED WITHOUT PREJUDICE. The motion is GRANTED IN SUCH PART, and

---

[3] Defendant's alternative constitutional arguments, asserted in summary form, do not warrant a different result. For the reasons set forth in analysis of the Speedy Trial Act violation, factors bearing on Sixth Amendment analysis weigh in favor of finding no constitutional violation. In particular, the reason for the delay grounded in defendant's ineffective waiver, the absence of prejudice, defendant's delay in asserting a constitutional violation, and the overall length of time of this case impacted significantly by motions filed by defendant, preclude a finding of a violation of a Sixth Amendment right to speedy trial and assistance of counsel. See Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Hopkins, 310 F.3d 145, 149 (4th Cir. 2002).

DENIED IN THAT PART seeking dismissal with prejudice, for reasons given. The clerk is DIRECTED to close this case. The court retains jurisdiction in this matter solely to determine the following issue of defendant's release. Anticipating inquiry by the United States Marshals Service whether defendant should now be released, the court allows the government until the close of business tomorrow, **Friday, May 1, 2020,** to show cause, if any, why defendant should be maintained in custody, and should any cause be attempted, defendant has until **Monday, May 4, 2020,** to respond. When briefing is concluded the court will take up and decide this question.

SO ORDERED, this the 30th day of April, 2020.

                                                                                                      _____
                                                                                                      LOUISE W. FLANAGAN
                                                                                                      United States District Judge